Lisa Dearden Trépanier (SBN 156302)
*LisaT@trepaniertajima.com*
Lisa M. Dale (SBN 194688)
*lisa.dale@trepaniertajima.com*
Patrick Y. Yoo (SBN 302282)
*Patrick@trepaniertajima.com*
**TRÉPANIER TAJIMA LLP**
4605 Lankershim Blvd., Suite 540
North Hollywood, California 91602
Telephone: (323) 487-1101

Attorneys for Defendants
Doe 1 and Doe 2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Roe TT 80,<br><br>    Plaintiff,<br><br>    vs.<br><br>DOE 1, a corporation; DOE 2, a corporation; DOE 3, an entity of unknown form, and DOES 4 TO 100,<br><br>    Inclusive,<br><br>    Defendants. | Case No. 1:25-cv-00007-KES-CDB<br><br>District Judge Kirk E. Sherriff<br>Magistrate Judge Christopher D. Baker<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

Pursuant to Local Rule 141.1(b)(1) of the Local Rules of the United States District Court for the Eastern District of California, Plaintiff Jane Roe TT 80 ("Plaintiff") and Defendants Doe 1 and Doe 2 ("Church Defendants") (collectively, the "Parties") hereby stipulate to the Court's entry of an order entering the Stipulated Protective Order set forth below.

IT IS SO STIPULATED.

Dated: February 28, 2025						TRÉPANIER TAJIMA LLP


							  /s/ Patrick Y. Yoo
							Lisa Dearden Trépanier
							Lisa M. Dale
							Patrick Y. Yoo
							*Attorneys for Defendants Doe 1 and Doe 2*

Dated: February 28, 2025						SLATER SLATER SCHULMAN LLP


							  /s/ Sarah Kissel Meier (as authorized on 2/27/25)
							Michael W. Carney
							Lauren A. Welling
							Sarah Kissel Meier
							*Attorneys for Plaintiff Jane Roe TT 80*

# STIPULATED PROTECTIVE ORDER

## I. PURPOSES AND LIMITATIONS

Plaintiff Jane Roe TT 80 ("Plaintiff") and Defendants Doe 1 and Doe 2 ("Church Defendants") (collectively, the "Parties") have agreed to be bound by the terms of this Protective Order ("Order") in this action. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to, and petition the Court to enter, the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 15, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; United States District Court for the Eastern District of California, Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II. GOOD CAUSE STATEMENT

This Action concerns Plaintiff's claims for damages arising out of alleged sexual abuse. Church Defendants are alleged to be liable for the abuse. This Action is thus likely to involve confidential medical, religious, and third-party information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials and information consist of, among other things, confidential medical records, religious organization records implicating privacy rights of third parties, privileged communications with clergy, and other information otherwise generally unavailable to the public or which may be privileged or otherwise protected from disclosure under state or federal statutes and the First Amendment of both state and federal constitutions, court rules, case decisions, or common

law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled and/or obligated to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### III. DEFINITIONS

1. The term "Action" will mean the above-entitled proceeding, *Jane Roe TT 80 v. Doe 1, et al.*, Case No. 1:25-cv-00007-KES-CDB.

2. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

3. The term "materials" will include, but will not be limited to: documents; correspondence; memoranda; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes; reports; instructions; disclosures; other writings; and other physical objects or tangible things.

4. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Trépanier Tajima LLP (for Church Defendants) and Slater Slater Schulman LLP (for Plaintiff). "Counsel" also includes attorneys, paralegals, secretaries, and other support

staff employed in the law firm of Kirton McConkie in Salt Lake City, Utah (for Church Defendants).

5. The term "designating party" will mean a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "confidential."

6. The term "challenging party" will mean a party or non-party that challenges the designation of information or items under this Order.

IV. **GENERAL RULES**

7. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL."

Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could potentially violate individuals' privacy rights, clergy-penitent privilege, or First Amendment privilege. The producing party shall designate any material it believes to be "CONFIDENTIAL" by so marking it or in any other manner to clearly indicate its protected status.

8. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

      b.    the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 11 below; and

      c.    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

9.    All confidential information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

10.    Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 4) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed, and no objection has been made. The approval of independent experts must not be unreasonably withheld.

11. Information designated "confidential" must be viewed only by counsel (as defined in paragraph 4) of the receiving party, by independent experts (pursuant to the terms of paragraph 11), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a. Mediators or other neutral evaluators jointly selected by the Parties to conduct a mediation or other form of alternative dispute resolution, and any staff thereof;

    b. Executives who are required to participate in policy decisions with reference to this action;

    c. Stenographic and clerical employees associated with the individuals identified above.

12. With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

13. All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 4, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

14. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

15. Filing Under Seal. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for

any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the Parties must comply with the procedures set forth in United States District Court for the Eastern District of California, Local Rule 141.

16.  At any stage of these proceedings, any party may object to the designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection, or the matter has been otherwise resolved.

17. All confidential information must be held in confidence by those inspecting or receiving it, and it must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

18.  No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise

identified as such in accordance with this Order.

19. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

20. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

21. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

22. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

23. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

24. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information

to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

25. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

26. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

27. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

28. This Order may be modified by agreement of the parties, subject to approval by the Court.

29. Modification of the Protective Order by the Court. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time during these proceedings.

30. The Parties stipulate and agree that, after the final resolution of this action, all confidential or sealed documents or information in the possession of either Party that originates from the other Party shall be destroyed or otherwise deleted (including all hard copies and electronically stored copies) within fourteen (14) days of resolution. Notice of such destruction shall be provided to the other Party by email within two (2) business days.

31. Continuing Jurisdiction. The Court shall retain jurisdiction for a period of one (1) year after the conclusion of this action to enforce the terms of the Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: February 28, 2025          TRÉPANIER TAJIMA LLP

                                    /s/ Patrick Y. Yoo
                                  Lisa Dearden Trépanier
                                  Lisa M. Dale
                                  Patrick Y. Yoo
                                  *Attorneys for Defendants Doe 1 and Doe 2*

Dated: February 28, 2025          SLATER SLATER SCHULMAN LLP

                                    /s/ Sarah Kissel Meier (as authorized on 2/27/25)
                                  Michael W. Carney
                                  Lauren A. Welling
                                  Sarah Kissel Meier
                                  *Attorneys for Plaintiff Jane Roe TT 80*

### ORDER

For good cause shown, with the exception of Paragraph 31, the parties' stipulated protective order is HEREBY ORDERED AND ENTERED.

**Dated**: March 3, 2025

                                  UNITED STATES MAGISTRATE JUDGE

Case No. 1:25-cv-00007-KES-CDB
[PROPOSED] STIPULATED PROTECTIVE ORDER                                    -11-

TRÉPANIER TAJIMA LLP
Los Angeles

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on <u>March 3, 2025</u>, in the case of *Jane Roe TT 80 v. Doe 1, et al.*, United States District Court, Eastern District of California, Civil Action No. 1:25-cv-00007-KES-CDB.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Signature: _____

Printed name: _____