UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE TT 80,<br><br>  Plaintiff,<br><br>  v.<br><br>DOE 1, a corporation; DOE 2, a corporation; DOE 3, an entity of unknown form; and DOE 4 to 100, Inclusive,<br><br>  Defendants. | No. 1:25-cv-00007-KES-CDB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>Doc. 6 |

Plaintiff Jane Roe TT 80 ("plaintiff"), proceeding under a fictitious name, brings this claim for past childhood sexual abuse against several church corporations and entities (referred to as Does 1, 2, and 3) and other unknown fictitious defendants (Does 4 to 100) pursuant to section 340.1 of the California Code of Civil Procedure.[1]  Does 1 and 2 ("defendants") move to dismiss

---

[1] Section 340.1 extends the statute of limitations for certain claims of childhood sexual assault. Cal. Civ. Proc. Code, § 340.1.  As currently effective, section 340.1 indicates that any claim of childhood sexual assault alleged to have occurred on or before December 31, 2023, as here, "may only be commenced pursuant to the applicable statute of limitations set forth in existing law as it read on December 31, 2023." § 340.1(p) (effective Jan. 1, 2024).  The parties agree that the version effective on December 31, 2023, applies to this case. *See generally* Docs. 6, 9 (citing to Dec. 31, 2023 version).  As noted below, the Court takes judicial notice of section 340.1 as effective on December 31, 2023, *see* Doc. 6-10, and unless otherwise noted, all references and citations to section 340.1 in this Order are to the version of the statute in effect on that date.

1

1  the complaint for failure to state a claim.  Doc. 6.  The parties' briefs have been considered and,

2  for the reasons set forth below, defendants' motion to dismiss is granted in part and denied in

3  part.

4  **I.     BACKGROUND**

5        On August 26, 2024, plaintiff filed this action in Kern County Superior Court, alleging

6  that she was sexually abused from 1980–1984 by a leader of church defendant Doe 1, who had

7  become plaintiff's stepfather through church-organized, -encouraged, and -sponsored courtship of

8  plaintiff's mother despite the church's knowledge that he had been previously incarcerated for

9  sexual assault of a minor.  Doc. 1-2 ¶¶ 2, 27, 31.  Relevant to the requirements of section 340.1,

10 plaintiff alleges she was over forty years old at the time she filed the action.  *Id.* ¶ 3.  Plaintiff

11 asserts six claims against defendants: (1) negligence; (2) negligent supervision of a minor; (3)

12 sexual abuse of a minor; (4) negligent hiring, supervision, and retention of an unfit employee; (5)

13 negligent failure to warn, train, or educate plaintiff; (6) and breach of mandatory duty to report

14 suspected child abuse.  *See generally id.*  Plaintiff's prayer for relief requests "an award of special

15 (economic) and general (non-economic) damages," attorney's fees, costs, and any further relief

16 deemed just and proper.  *Id.* at 25.

17       As required by section 340.1, plaintiff lodged the required attorney and mental health

18 practitioner certificates of merit with the Kern County Superior Court and moved *ex parte* for

19 orders to serve the complaint on defendants.  Doc. 1-5.  Before the hearing on the motion took

20 place, and before being served, on January 2, 2025, defendants removed the matter to this Court

21 based on diversity jurisdiction.  Doc. 1.  Specifically, defendants asserted that more than $75,000

22 was in controversy and that plaintiff, Doe 1, and Doe 2 are completely diverse.  *Id.*  Defendants

23 further assert that Doe 3 is not a separate legal entity from Doe 1, and has no corporate existence

24 apart from Doe 1, but rather is "an ecclesiastical unit" of Doe 1 and, therefore, its "citizenship"

25 should be disregarded for purposes of the diversity analysis because it cannot properly be a

26 defendant in this action.  *Id.*

27       On January 10, 2025, defendants moved to dismiss this action pursuant to Federal Rule of

28 Civil Procedure 12(b)(6), or alternatively, 12(b)(1).  Doc. 6.  Defendants generally argue that the

mental health practitioner certificate of merit is legally insufficient and requests that this Court conduct an *in camera* review of it to confirm.[2]  *Id.*  Plaintiff opposed the motion to dismiss, Doc. 9, and defendants replied, Doc. 10.

On February 3, 2025, plaintiff moved to remand this case to state court.  Doc. 11.  On February 4, 2025, the Court denied the motion to remand without prejudice for failure to comply with the Court's Standing Order in Civil Cases.  Doc. 12.  Plaintiff did not refile her motion to remand this matter.[3]  Thus, only defendant's motion to dismiss remains pending.

On February 12, 2025, this Court ordered plaintiff to file under seal on the docket copies of the certificates of merit that plaintiff lodged with the Kern County Superior Court before this case was removed to this Court.  Doc. 13.  On February 26, 2025, plaintiff filed four certificates of merit.  Docs. 15–18.  On July 23, 2025, plaintiff filed a corrected certificate of merit.[4]  Doc. 29.  This matter is now ripe for review.

---

[2] Defendants' motion also moves to dismiss plaintiff's sixth cause of action and to strike plaintiff's prayer for attorneys' fees and notes that plaintiff has agreed to the dismissal of both. Doc. 6.  Additionally, defendants request judicial notice of certificates of merits in other cases, documents regarding plaintiff's residency and citizenship, and the version of section 340.1 of California Code of Civil Procedure in effect as of December 31, 2023.  Doc. 6-10.  The Court takes judicial notice of the version of section 340.1 in effect on December 31, 2023.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of matters of public record).  The Court also takes judicial notice of the other documents, but not as to the truth of the matters asserted therein.

[3] Plaintiff did not refile her motion to remand.  Reviewing the matter of jurisdiction sua sponte, the Court finds that defendants have sufficiently alleged this Court's jurisdiction.  In the notice of removal, a defendant need only include "plausible allegations of the jurisdictional elements." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).  Defendants have done so here by alleging that plaintiff, Doe 1, and Doe 2 are completely diverse and that Doe 3 is a sub-entity of Doe 1 and that its citizenship is properly disregarded.  Doc. 1. Additionally, courts have held on a motion to remand that the citizenship of a sub-entity Doe should not be considered when assessing diversity or that the sub-entity should be considered to share the entity's citizenship.  *See, e.g.*, *John Roe JJ 93 v. Doe 1*, Case No. 2:24-cv-09335-HDV-JPR, 2025 WL 522830, at *3 (C.D. Cal. Feb. 18, 2025) (collecting cases so holding); *John Roe CS 88 v. Doe 1* ("*Roe CS 88 II*"), Case No. CV 24-11154-JFW(SSCx), 2025 WL 485121 (C.D. Cal. Feb. 13, 2025) (denying motion to remand because sub-entity of Doe 1 has Doe 1's citizenship).

[4] The filing at docket entry 18 reflected a draft of one of the certificates of merit, rather than the final executed version.  Doc. 18.  Docket entry 29 constitutes the final executed copy.  Doc. 29.

### III. LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain facts that "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In determining whether a complaint states a claim on which relief may be granted, the Court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the Court need not assume the truth of legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 680. While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### IV. ANALYSIS

#### A. Motion to Dismiss Based on Mental Health Practitioner's Certificate of Merit

Defendants argue this case should be dismissed because they suspect that the mental health practitioner certificate of merit that plaintiff filed fails to meet the requirements set forth by

4

section 340.1(g) of title 16 of the California Code of Civil Procedure. *See generally* Doc. 6.

In an action for damages, as here, section 340.1 requires "plaintiff[s] 40 years of age or older at the time the action is filed [to] file certificates of merit as specified in subdivision (g)." Cal. Civ. Proc. Code § 340.1(f). Relevant to defendants' motion, subdivision (g) provides:

> [A] [c]ertificate[] of merit shall be executed . . . by a licensed mental health practitioner selected by the plaintiff declaring, . . . as follows, [and] setting forth the facts which support the declaration:
>
> . . .
>
> (2) That the mental health practitioner consulted is licensed to practice and practices in this state and is not a party to the action, that the practitioner is not treating and has not treated the plaintiff, and that the practitioner has interviewed the plaintiff and is knowledgeable of the relevant facts and issues involved in the particular action, and has concluded, on the basis of the practitioner's knowledge of the facts and issues, that in the practitioner's professional opinion there is a reasonable basis to believe that the plaintiff had been subject to childhood sexual abuse.

§ 340.1(g)(2).

Section 340.1 further provides that "[a] defendant shall not be served, and the duty to serve a defendant with process does not attach, until the court has reviewed the certificates of merit . . . and has found, in camera, based solely on those certificates of merit, that there is reasonable and meritorious cause for the filing of the action against that defendant." § 340.1(i). "At that time, the duty to serve that defendant with process shall attach." *Id.* The failure to comply with the requirements set forth in section 340.1 is grounds for a demurrer or a motion to strike. Cal. Civ. Proc. Code § 340.1(k).

Pursuant to section 340.1, defendants have not seen the certificate of merit, but state that plaintiff's counsel informed them that it was her standard practice to have the California mental health practitioner conduct the interview via Zoom. Doc. 6-1 ¶ 2. Based on this statement and the fact that plaintiff resides in Texas, defendants argue that the California mental health practitioner in this case likely conducted the interview via Zoom, with plaintiff being physically present in Texas during the interview. *See generally* Doc. 6; *see also* Doc. 6-1 ¶ 2. Defendants cite section 1396.8 of the California Code of Regulations to argue that if the practitioner

5

1  conducted the interview of plaintiff via Zoom while plaintiff was in Texas, then the practitioner
2  acted outside the scope of his or her license, and thus, argue he or she cannot be considered a
3  licensed mental health practitioner for purposes of the certificate of merit as required by section
4  340.1(g)(2).

5  Defendants have not cited any case law to support their position. *See generally* Doc. 6.
6  And the few courts in this circuit to have considered this "novel" argument have rejected it. *See*
7  *John Roe CS 88 v. Doe 1* ("*Roe CS 88 I*"), Case No. CV 24-11154-JFW(SSCx), 2025 WL
8  824049, at *2 (C.D. Cal. Feb. 13, 2025) ("Even if the California-licensed mental health
9  practitioner conducted a Zoom interview of [p]laintiff while [p]laintiff was physically present in
10 Nevada, that does not render the mental health practitioner 'unlicensed.'"); *Roe JB 65 v. Church*
11 *of Jesus Christ of Latter-Day Saints*, Case No. 24-cv-02349-AJB-MSB, 2025 WL 776634, at *5–
12 6 (S.D. Cal. Mar. 11, 2025) (noting that, under similar factual circumstances, the state court had
13 reviewed the mental health practitioner certificate of merit prior to the case's removal and had
14 found it to be sufficient); *Estate of Roe DM 101 v. Doe 1*, Case No. 24-cv-2344-DMS-DLB, 2025
15 WL 1167370, at *2–3 (S.D. Cal. Apr. 22, 2025) (noting that the state court had previously found
16 the certificate of merit sufficient and separately rejecting the argument that conducting the
17 interview via Zoom would make the certificate of merit legally insufficient as "[t]here is no
18 caselaw indicating that the nature and location of the interview affect a certificate's validity").
19 This Court is persuaded by these courts' conclusions and joins them in declining to adopt this
20 argument.[5]  As other courts have noted, "[w]hether the mental health practitioner's interview of
21 [p]laintiff occurred via Zoom in violation of the California Rules of Professional Conduct or the
22 laws governing mental health practitioners in [Texas] is a matter for the California Board of

---

[5] Moreover, section 1396.8 of title 16 of the California Code of Regulations, which defendant relies on for the proposition that the California practitioner was acting outside of his or her license to conduct the interview, governs a licensed mental health professional's ability "to *provide psychological health care services* . . . [t]o [his or her] *client*" via telehealth when either the practitioner or the client is outside the state of California. Cal. Code Regs. tit 16, § 1396.8(a) (emphases added). Here, as noted below, the mental health professional declared he or she was not treating and has never treated plaintiff. As the mental health professional was not providing psychological health care services to a client, it appears this section is inapplicable to this case.

Behavioral Sciences and does not impact the Court's conclusion that [the certificate of merit complies with section 340.1(g)(2) and] there is a reasonable and meritorious cause for the filing of the action." *Roe CS 88 I*, 2025 WL 824049, at *2.

Indeed, the mental health practitioner certificate of merit declares, with facts in support thereof, that: (1) the mental health practitioner is licensed to practice and practices in California; (2) the mental health practitioner is not a party to the action; (3) the mental health practitioner is not treating and has not treated plaintiff; (4) the mental health practitioner has interviewed plaintiff and is knowledgeable of the relevant facts and issues; and (5) based on that interview, the mental health practitioner concluded in his or her professional opinion that there is a reasonable basis to believe that plaintiff experienced childhood sexual abuse. Doc. 29. The certificate therefore meets the requirements of section 340.1(g)(2). Additionally, the certificates of merit filed by plaintiffs' attorneys are sufficient pursuant to 340.1(g)(1). Docs. 15–17. Based "solely on those certificates of merit," the Court concludes that "there is a reasonable and meritorious cause" for the filing of this action against defendants.[6] § 340.1(i).

Accordingly, defendant's motion to dismiss plaintiff's claims due to the substance of the mental health practitioner certificate of merit is denied.

### B. **Motion to Strike Plaintiff's Prayer for Attorneys' Fees and Motion to Dismiss Plaintiff's Sixth Cause of Action for Breach of Mandatory Duty**

Defendants move to strike plaintiff's prayer for attorneys' fees, arguing that there is no statute or contract authorizing the recovery of attorneys' fees in this action. Doc. 6 at 15. They also move to dismiss plaintiff's sixth cause of action for breach of mandatory duty on the grounds that clergy were not mandatory reporters of abuse at the time of plaintiff's alleged abuse. *Id.* Plaintiff does not oppose either motion. Doc. 9 at 9.

---

[6] Whether plaintiff can ultimately succeed on a claim for damages against Doe 3, given the contention that it is a sub-entity of Doe 1, is not before the Court at this time. *See* Doc. 1 (defendants' notice of removal arguing that, as a matter of law, a claim cannot be brought against a sub-entity); *but see Roe CS 88 II*, 2025 WL 824049, at *2 (finding meritorious cause for filing action against Does 1, 2, and 3, where Doe 3 was alleged to be sub-entity of Doe 1, and subsequently denying motion to remand based on sub-entity's citizenship given finding that sub-entity shared citizenship with main entity).

Accordingly, defendants' motion to strike plaintiff's prayer for attorneys' fees and defendant's motion to dismiss plaintiff's sixth cause of action for breach of mandatory duty are granted.

## V. CONCLUSION AND ORDER

Based upon the foregoing, defendants' motion to dismiss, Doc. 6, is granted in part and denied in part. The motion is granted as to plaintiff's prayer for attorneys' fees and plaintiff's sixth cause of action for breach of mandatory duty. Otherwise, defendant's motion to dismiss plaintiff's claims due to the substance of the mental health practitioner certificate of merit is denied.

IT IS SO ORDERED.

Dated:  August 13, 2025

_____
UNITED STATES DISTRICT JUDGE

8